UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QING CONG WEN, SI NING YUAN, WEN JIE HU,
JIN LONG LI, ELVA LIN, ZHEN RUN SITU,
CHEUNG NING LAI, VIEW H. CHUNG, JOHNNY
DENG, CHOON CHOON SEET, CHAO WEN OU,
and JIAN CHANG LIN,

                             Plaintiffs,

               -against-

CT & TC CORPORATION d/b/a "Orient Odyssey,"
V&T KITCHEN CORP. d/b/a/ "The Orient Restaurant,"
CHEONG KAN TAN, VICKY TAN, and
TONG HWA CHU,

                           Defendants.
------------------------------------------------------------------X

FILED
CLERK

1/5/2017 4:59 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM &
& ORDER_____

CV 16-4214
(Wexler, J.)

APPEARANCES:

       HANG & ASSOCIATES, PLLC
       By:  Jian Hang, Esq.
       Attorney for Plaintiffs
       136-18 39th Avenue, Suite 1003
       Flushing, New York  11354

       LAW OFFICES OF MORRIS FATEHA, P.C.
       By:  Morris Fateha, Esq.
       Attorney for Defendants
       911 Avenue U
       Brooklyn, New York 11223

WEXLER, District Judge:

     Plaintiffs commenced this action against defendants seeking, *inter alia,* unpaid wages,

spread of hours pay, and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201, *et seq.,* and New York Labor Law ("NYLL") §§ 190 *et seq.*   Plaintiffs were

employed in various capacities at defendants' restaurant, Orient Odyssey, located at 611 N.

Broadway, Jericho, New York.  Currently before the Court is plaintiffs' motion for a preliminary

injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to enjoin any sale of the

Orient Odyssey restaurant. Plaintiffs also seek an order of attachment under New York law attaching any proceeds of the sale of the restaurant pending resolution of this case. For the reasons set forth below, the temporary restraining order is dissolved, and plaintiffs' motion is DENIED in its entirety.

## I. PROCEDURAL HISTORY

The Complaint was filed in the Brooklyn courthouse on July 29, 2016, and an Amended Complaint was filed as of right on August 23, 2016. After defendants answered, the matter was transferred to the Long Island courthouse. No initial discovery conference has been held.

In October 2016, plaintiffs became aware that the Orient Odyssey restaurant was going to be sold. Plaintiffs' affidavit in support of the motion states that they were aware of the potential sale on or about October 19, 2016, and the Notice of Motion references a declaration of plaintiffs' counsel sworn to on November 2, 2016. Despite plaintiffs' awareness of the possibility of a sale, they did not pursue discovery or otherwise seek relief from the Court until December 15, 2016, when they moved by Order to Show Cause for a Temporary Restraining Order, Preliminary Injunction, and Order of Attachment.

The temporary restraining order was entered by the court on December 16, 2016. A preliminary hearing was held on December 19, 2016 at which time a date for the evidentiary hearing on plaintiffs' motion was set. The temporary restraining order was continued until the hearing. The evidentiary hearing was held on January 4, 2017,[1] at which time each side presented one witness: Plaintiff Wen Jie Hu testified on behalf of plaintiffs; defendant Cheong Kan Tan testified on behalf of defendants.

---

[1] The hearing began on January 3, 2017, but was adjourned because plaintiffs failed to provide an interpreter for their witness.

## II. DISCUSSION

### A. Preliminary Injunction

Plaintiffs first seek a preliminary injunction under Rule 65 to enjoin the sale of the Orient Odyssey restaurant because "Defendants' sale of the restaurant and its assets will render any judgment that Plaintiffs receive in this case a practical nullity." Pls' Mem. of Law at 7, DE [12-1]. Defendants oppose the motion.

Although the parties in their papers apply the usual criteria for issuance of a preliminary injunction, neither party has addressed the issue of whether injunctive relief is available under Rule 65 in light of the Supreme Court's ruling in *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 119 S. Ct. 1961 (1999). In that case, the Supreme Court held that district courts have "no authority to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a claim for money damages. *Id.* at 333. Preliminary injunctive relief remains available "where the plaintiff is pursuing a claim for final equitable relief . . . and the preliminary injunction is ancillary to the final relief." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014); *see also Shamrock Power Sales, LLC v. Scherer,* No. 12-CV-8959, 2016 WL 6102370, at *3 (S.D.N.Y. Oct. 18, 2016) (noting that the question of whether a court may grant a preliminary injunction "turns on whether the injunction acts 'in aid of the recovery' sought in equity."). Courts construing *Grupo* "consistently refuse to allow preliminary injunctions when such injunctions essentially seek security for a potential future award of money damages and are requested merely because of a feared inability to collect a prospective judgment." *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12CV5565, 2016 WL 7217641, at *2 (E.D.N.Y. Dec. 13, 2016) (internal quotation and citation omitted).

Here, the Amended Complaint contains ten causes of action seeking monetary damages for defendants' breaches of the FLSA and NYLL. The demand does include a request for

reinstatement of plaintiffs who were terminated from their employment, but alternatively requests five years of front pay as money damages for the alleged retaliation. To the extent that this demand for reinstatement is equitable in nature, plaintiffs are unsecured creditors and there is no nexus between the assets plaintiffs seek to attach and the ultimate relief sought in the litigation. *See Toray Int'l Am. Inc. v. Nakayama,* No. 14 CIV. 3016, 2014 WL 12543817, at *2 (S.D.N.Y. Apr. 29, 2014) (noting that such a nexus is "essential to the authority of a district court in equity to enter a preliminary injunction freezing assets" (internal quotation and citation omitted)). The Court finds that plaintiffs' claims are primarily legal, not equitable, and thus it does not have authority to grant a preliminary injunction under Rule 65.[2]

## B. Order of Attachment

Pursuant to Rule 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). New York law provides for the issuance of an order of attachment under some circumstances. CPLR §6201; *see also Rothberg v. Chloe Foods Corp.,* 06-CV-5712, 2008 WL 268061, at *7 (E.D.N.Y. Jan. 29, 2008) ("Prejudgment attachment is a provisional remedy to secure a debt by preliminary levy upon the property of the debtor in order to conserve that property for eventual execution."). Plaintiffs bear "a heavy burden in attempting to establish [their] right to an attachment, because 'New York attachment statutes are construed strictly against those who seek to invoke the remedy.'" *Nat'l Audubon Soc'y, Inc. v. Sonopia Corp.,* No. 09 Civ. 975, 2009 WL 636952, at *2 (S.D.N.Y. Mar. 6, 2009) (quoting *Buy This, Inc. v. MCI Worldcomm Commc'ns Inc.,* 178 F. Supp. 2d 380, 383 (S.D.N.Y. 2001)). Plaintiffs in

---

[2]Even if the Court were to consider plaintiffs' request for a preliminary injunction, they have failed to carry their burden of proof. For example, the limited examination of defendant Tan was not sufficient to establish plaintiffs' likelihood of success on the merits.

this case base their request for an order of attachment on CPLR §6201(3), which provides that an

order of attachment may be granted when "the defendant, with intent to defraud his creditors or

frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned,

disposed of, encumbered or secreted property, or removed it from the state or is about to do any

of these acts." CPLR §6201(3).

Evidence of the defendants' intent to defraud is critical to success under §6201(3). Mere

suspicion or speculation is not enough -- there must be a showing that "fraudulent intent really

exists in defendant's mind." *Encore Credit Corp. v. LaMattina,* No. CV-05-5442, 2006 WL

148909, at *3 (E.D.N.Y. Jan. 18, 2006). Here, plaintiffs have failed to adduce any evidence,

circumstantial or otherwise, suggesting fraudulent intent, and thus they cannot prevail on their

motion. Plaintiffs' entire proof is Hu's testimony regarding communications she had with

another employee, identified simply as "Jessica," in which Jessica reported that "the store was

sold" and that the change of ownership was to take place at the end of December 2016.[3] Indeed,

defendant Tan readily admitted that an agreement to sell the restaurant had been reached. The

fact of the sale, standing alone, raises no inference of fraud. *See Computer Strategies, Inc. v.

Commodore Bus. Machines, Inc.*, 105 A.D.2d 167, 173, 483 N.Y.S.2d 716, 721 (2d Dep't 1984);

*see also Corsi v. Vroman,* 37 A.D.3d 397, 397, 829 N.Y.S.2d 234 (2d Dep't 2007) ("the mere

removal, assignment or other disposition of property is not grounds for attachment" under

§6201(3) (internal quotation and citation omitted)). Plaintiffs have not presented any evidence of

defendants' motive, fraudulent or otherwise. Conversely, Tan's undisputed testimony was that

he first considered selling the restaurant in the summer of 2015, and a real estate listing for the

sale of the property dated April 20, 2016 was admitted into evidence. Thus, Tan put forth

---

[3] Although the testimony was hearsay, the Court considered it as it was offered in support of plaintiffs' motion for injunctive relief. *See Mullins v. City of New York,* 626 F.3d 47, 52 (2d Cir. 2010).

evidence of non-fraudulent intent that predates the filing of the complaint in July 2016. Tan

further provided unchallenged testimony that personal health considerations and business

concerns motivated his decision to sell. As plaintiffs have not met their burden of proving that

defendants' had fraudulent intent when they entered into an agreement to sell the property, their

motion for an order of attachment is denied.[4]

## III.  CONCLUSION

Plaintiffs' motion is denied and the temporary restraining order is dissolved. The parties

are directed to contact Magistrate Judge Lindsay for a discovery schedule.


SO ORDERED.

_/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE


Dated:  Central Islip, New York
        January 5, 2017

---

[4] In light of plaintiffs' failure to establish fraudulent intent, the Court declines to examine the other requirements for an order of attachment under the CPLR.